**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John-Raymond Nichols, *pro se*, ) | No. CV 10-1872-PHX-FJM |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Michael A. Bosco Jr. et. al., ) | |
| Defendants. ) | |

The court has before it defendant Wells Fargo Bank N.A. and John G Stumpf's (collectively "the Wells Fargo defendants") response to plaintiff's request for a Temporary Restraining Order (doc. 22). However, plaintiff has failed to move for a Temporary Restraining Order in this court, or put this court on notice of any pending motions for a Temporary Restraining Order, as required by LRCiv 3.7(c). Nevertheless, because of the looming October 4, 2010 Trustee's Sale and the Wells Fargo's defendants' response, we will address plaintiff's previous state court motion for a Temporary Restraining Order at this time.

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County on August 25, 2010 (doc. 1). Plaintiff moved for a Temporary Restraining Order to enjoin the nonjudicial foreclosure of his property which was scheduled to occur on September 2, 2010 (doc. 1). Because the Wells Fargo defendants removed the case to this court on September

1, 2010, they voluntarily continued the Trustee's Sale to October 4, 2010. On September 9, 2010, we granted the Wells Fargo defendants' motion for an extension of time to respond to the motion for a Temporary Restraining Order "until seven days after plaintiff advises this court of the status of service upon the other defendants in this action in compliance with Fed. R. Civ. P. 65(a)(1) and (b)(1)(B)" (doc. 12). Plaintiff failed to comply with this order.

To obtain preliminary injunctive relief under Rule 65, Fed. R. Civ. P., plaintiff must prove that: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of injunctive relief; 3) the balance of equities tips in plaintiff's favor; and 4) an injunction is in the public interest. Winter v. NRDC, 129 S. Ct. 365, 374 (2008); see Am. Trucking Ass'n, Inc. v. City of L.A., 559 F.3d 1046, 1052 (9th Cir. 2009). We have reviewed plaintiff's motion for a Temporary Restraining Order filed in state court and find that plaintiff fails to make any showing of a likelihood of success on the merits.

Plaintiff claims he is likely to succeed on the merits because he has "conclusive evidence" of a defect in the trustee's sale process, namely that there is "not one shred of evidence" that Wells Fargo is the bona fide beneficiary or trustee. This conclusory allegation centers around plaintiff's claim that a defect in the chain of assignments destroys defendants' ability to foreclose on his house. This argument, however, is not supported by facts and fails as a matter of law.

First, res judicata will likely bar plaintiff's challenge to the initial assignment history of his mortgage since Judge Broomfield ruled in dismissing a prior complaint filed by plaintiff, see Nichols v. Wash. Mut. Mortg. Co., No. CV-04-0361-PHX-RCB, that plaintiff had no cause to challenge the assignment history of the loan to the extent it vested rights in Washington Mutual. Since this complaint also calls into question the same assignment history and Washington Mutual assigned its rights in the trust deed to Wells Fargo, the elements of res judicata most likely will be met.

Second, plaintiff's allegations that Wells Fargo "lacks standing" to foreclose or substitute a trustee due to a defect in the chain of title fails to state a valid cause of action under Arizona law. Contrary to plaintiff's claims, Arizona law does not require the

1  production of the original note or proof of entitlement to enforce the note in the nonjudicial
2  foreclosure context.  See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d
3  1178, 1181 (D. Ariz. 2009).  Courts in this district have repeatedly held that the "show me
4  the note" argument lacks merit. See id.; Diessner v. Mortg. Election Reg. Sys., 618 F. Supp.
5  2d 1184, 1187-89 (D. Ariz. 2009) (aff'd 2010 WL 2464899 (9th Cir. 2010); Levin v. Downey
6  Sav. and Loan, F.A., 2009 WL 4282471, * 3 (D. Ariz. 2009).  Therefore, plaintiff's claim that
7  defendants cannot legally foreclose on the property likely will fail on the merits.

8        Third, plaintiff is unlikely to succeed on his claims under federal lending statutes such
9  as the Truth in Lending Act, the Real Estate Settlement Procedure Act, and the Fair Credit
10 Reporting Act.  The complaint alleges no facts which, if proven true, would constitute any
11 violations of those acts.  Furthermore, the claims are probably time barred considering the
12 alleged violations arose out of the loan transaction that was consummated on November 29,
13 1995–almost 15 years ago–and there are no facts pled to support equitable tolling.

14       Finally, plaintiff challenges the authenticity of signatures and notarizations, alleges
15 fraud, and seems to argue that the financial institutions never actually loaned him the money,
16 and therefore he has nothing to repay.  Despite his panoply of allegations, plaintiff fails to
17 provide any facts that demonstrate a likelihood of success on the merits on any of these
18 claims.  Instead plaintiff simply makes a host of conclusory statements with no supporting
19 facts.  Furthermore, the so-called "vapor money" theory routinely has been discredited, and
20 therefore also offers no likelihood of success.  See, e.g., Kuder v. Wash. Mut. Bank, No. CIV
21 S-08-3087-LKK-DAD PS, 2009 WL 2868730, at * 3 & * 3 n.5 (E.D. Cal. 2009).

22       Accordingly, because the likelihood of success on the merits is slim, the irreparability
23 is limited, plaintiff failed to comply with this court's order and the federal rules, the balance
24 of equities does not tip in plaintiff's favor (some defendants cannot be heard since they were
25 not put on notice), and the public interest is not served by delaying a properly noticed
26 Trustee's Sale, it is ORDERED DENYING plaintiff's motion for a Temporary Restraining
27 Order.

28       We urge plaintiff to seek the advice of counsel.  If he does not have a lawyer, he may

- 3 -

1 | wish to call the Lawyer Referral Service of the Maricopa County Bar Association at 602-
2 | 257-4434.

      DATED this 1st day of October, 2010.

                                      */s/ Frederick J. Martone*
                                        Frederick J. Martone
                                        United States District Judge

- 4 -