**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John-Raymond Nichols, *pro per* ) | No. CV-10-01872-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael A. Bosco, Jr., et. al., ) | |
| Defendants. ) | |

The court has before it plaintiff's motion to remand (doc. 11), defendants Wells Fargo Bank and John G. Stumpf's (collectively "the Wells Fargo defendants") response (doc. 21), plaintiff's reply (doc. 38), plaintiff's motion for leave to amend the complaint (doc. 17), and the Wells Fargo defendant's response (doc. 35).

Plaintiff filed this action on August 25, 2010 in the Superior Court of Arizona in Maricopa County (doc. 1, ex. A). The complaint named several national banks, their officers, and the foreclosure trustee, and asserted claims of fraud, lack of standing to foreclose, and violations of various federal statutes including: (1) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"); (2) the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"); and (3) the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). The Wells Fargo defendants removed the case to this court on September 1, 2010 (doc. 1). Plaintiff filed a motion to remand on September 8, 2010 arguing that we lack

jurisdiction because: (1) state law claims predominate over the "mere possibility of federal questions;" (2) 28 U.S.C. § 1441(b) precludes removal because defendant Michael A. Bosco resides in Arizona; and (3) we cannot assume jurisdiction over the State of Arizona. (Motion to Remand at 7). On September 20, 2010, plaintiff filed a motion for leave to amend his complaint (doc. 17). The proposed amended complaint makes no material changes other than substituting certain defendants. The Wells Fargo defendants do not oppose it (doc. 35).

**I. Motion to Amend**

Rule 15(a)(1), Fed. R. Civ. P. permits a party to amend its pleading once as a matter of right within 21 days after service of a motion under Rule 12(b), Fed. R. Civ. P.. Plaintiff filed his first motion for leave to amend within 21 days of such a motion and therefore was permitted to amend his complaint without leave of court. Accordingly, plaintiff's motion for leave to amend his complaint is granted.[1]

**II. Motion to Remand**

Plaintiff challenges the Wells Fargo defendants' removal based on lack of subject matter jurisdiction, which he may do at any time before final judgment. 28 U.S.C. § 1447(c). Except where Congress expressly provides otherwise, a defendant may remove a civil action if the federal district court would have original jurisdiction. § 1441(a). District courts have original jurisdiction over civil actions arising under federal law, see 28 U.S.C. § 1331, and diversity jurisdiction under § 1332. Defendants, who bear the burden of showing that removal was proper, see Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006), assert that we have subject matter jurisdiction pursuant to both § 1331 and § 1332.

**A. Federal Question Jurisdiction**

Plaintiff argues that remand is necessary because state law claims predominate over the mere "possibility of federal questions" raised in his complaint. (Motion to Remand at 7). 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising

---

[1] We note that at this time plaintiff has filed a second motion to amend his complaint (doc. 39). Because plaintiff has exhausted his one amended complaint as a matter of right, we will address that motion when it is ripe according to Rule 15(a)(2), Fed. R. Civ. P..

- 2 -


under the Constitution, laws, or treaties of the United States." Here, plaintiff's complaint alleges violations of various federal statutes including RESPA, TILA, and the FCRA. That more than raises a mere "possibility of federal questions." Accordingly, we have subject matter jurisdiction over the federal claims pursuant to § 1331.

We also may exercise supplemental jurisdiction over plaintiff's state law claims of fraud and a lack of standing to foreclose because they "are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Plaintiff's claims under the various federal consumer-lending statutes relate directly to the subject of this entire lawsuit, defendants' ability to foreclose. Finally, we find no cause to remand the state law claims as a matter of discretion under 28 U.S.C. § 1367(c), as the claims do not raise novel or complex issues of state law, nor do they substantially predominate over federal claims. Accordingly, we have federal question and supplemental jurisdiction over this case, and therefore need not address the issue of diversity jurisdiction at this time.

In addition, we reject plaintiff's grounds for denying removal based on our inability to exercise jurisdiction over the State of Arizona. The State of Arizona is not a defendant in this action. Finally, we refuse to award sanctions or recommend bar discipline against the Wells Fargo defendants' attorneys due to an improperly motivated request for removal. Because removal was proper, there is no basis for sanctions.

Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion for leave to file his first amended complaint (doc. 17). Plaintiff has fourteen days to file and serve the amended pleading on all parties under LRCiv. 15.1 and Rule 5, Fed. R. Civ. P..

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to remand (doc. 11).

DATED this 18th day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge