**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John-Raymond Nichols,        ) | No. CV-10-01872-PHX-FJM |
| )  | |
| Plaintiff,        ) | **ORDER** |
| )  | |
| vs.        ) | |
| )  | |
| Michael A. Bosco, Jr., et. al.,        ) | |
| )  | |
| Defendants.        ) | |
| )  | |

    The court has before it plaintiff's motion to file second amended complaint (docs. 39 and 59 (additional attachments plus a red line copy of the second amended complaint)), the Wells Fargo defendants' response (doc. 45) and plaintiff's motion to voluntarily withdraw his first amended complaint (doc. 57). In addition we have before us, plaintiff's motion "to sequester the genuine original trust note" (doc. 23), the Wells Fargo defendants' response (doc. 42), plaintiff's reply (doc. 54), and plaintiff's supplement to his reply (doc. 55).

    Plaintiff filed this action on August 25, 2010 in the Superior Court of Arizona in Maricopa County (doc. 1, ex. A). The complaint named several national banks, their officers, and the foreclosure trustee, and asserted claims of fraud, lack of standing to foreclose, and violations of various federal statutes. The Wells Fargo defendants removed the case to this court on September 1, 2010 (doc. 1). On October 18, 2010, we denied plaintiff's motion to remand on the ground that we have federal question and supplemental

jurisdiction (doc. 43). We also granted plaintiff leave to amend his complaint once as a matter of right pursuant to Rule 15(a)(1), Fed. R. Civ. P.

Plaintiff now asks us for leave to file a second amended complaint and to "sequester" the original trust deed note until final adjudication.

**I. Motion to Amend**

Plaintiff has already amended his complaint once as a matter of right, so now plaintiff may amend the complaint only with leave of court. Rule 15(a)(2), Fed. R. Civ. P.. Leave should be freely given "when justice so requires." Id. In deciding whether to grant leave, we will consider whether the amendment prejudices the opposing party, is sought in bad faith, produces undue delay, or is futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).

By his amendment, plaintiff seeks to drop all his claims under federal statutes, dismiss certain defendants, and clarify his claims and requests for relief. The Wells Fargo defendants do not oppose the motion, other than to point out plaintiff has failed to provide us with a red line version as required by LRCiv. 15.1. No other defendants have responded. Because leave to amend should be freely given, we will grant plaintiff's request for leave to amend. Furthermore, plaintiff has since filed a red line version of his second amended complaint (doc. 59). Plaintiff is instructed, however, that now he must file and serve the second amended complaint on all parties pursuant to LRCiv. 15.1 and Rule 5, Fed. Civ. P.

**II. Motion to Sequester the Original Note**

Plaintiff filed a "Motion to Sequester the Genuine Original Trust Deed Note Until Final Adjudication of this Matter." Plaintiff asks that we require defendants to produce the original trust deed note for us to inspect and hold until the litigation is over. Plaintiff's motion is simply another formulation of the "show me the note" legal theory which we previously stated is not viable (doc. 25, at 2-3).[1] Arizona's non-judicial foreclosure statute,

---

[1] Plaintiff claims he is not advancing a show-me-the note theory, but rather is simply asking the court to protect his property rights. Motion to Sequester ¶ 7. However, by asking

1  which governs this case since plaintiff signed a deed of trust when he mortgaged his home,
2  places no obligation on defendants to produce the original note before commencing a
3  trustee's sale. See, e.g., Mansour v. Cal-Western Reconveyance Grp., 618 F. Supp. 2d 1178,
4  1181 (D. Ariz. 2009). Therefore, we will deny the motion.

**IT IS ORDERED GRANTING** plaintiff's motion to amend (doc. 39), and **DENYING** plaintiff's motion to sequester the original note (doc. 23). In addition, since plaintiff has recently filed a duplicate first amended complaint (doc. 58), **IT IS ORDERED** that the duplicate first amended complaint will be stricken (doc. 58). Finally, for clarity purposes, **IT IS FURTHER ORDERED** that the red line version of the second amended complaint (doc. 59) will be the applicable complaint in this action.

DATED this 15th day of November, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

this court to require defendants to produce the original trust deed note, plaintiff is essentially arguing that production of the note is required for non-judicial foreclosure, which it is not. Plaintiff continues to advance a "show me the note" legal argument whether he requests the note be produced for the court to see or for himself to see.

- 3 -