**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John-Raymond Nichols,       ) | No. CV-10-01872-PHX-FJM |
| )  Plaintiff,                     ) | **ORDER** |
| )  vs.                             ) | |
| )  Michael A. Bosco, Jr., et. al., ) | |
| )  Defendants.                 ) | |
| )  _____) | |

The court has before it defendant Wells Fargo Bank's motion to dismiss (doc. 69), defendant John G. Stumpf's motion to dismiss (doc. 70), plaintiff's response to both motions (doc. 80), and the Wells Fargo and John G Stumpf's (collectively "the Wells Fargo defendants") reply (doc. 88). The court also has before it Bank United Financial Corporation, Michael A. Bosco Jr., and John Kanas's (collectively "the Bank United defendants") motion to dismiss (doc. 72), plaintiff's response (doc. 81), and the Bank United defendants' reply (doc. 87). Finally the court has before it Citizens Financial Group Inc. and Ellen Alemany's motion to dismiss (doc. 85) and motion for summary disposition (doc. 93). Plaintiff did not respond.

Plaintiff purchased the real property that is the subject of this action in July 1994 with a loan secured by a deed of trust in favor of Inland Mortgage Corporation (doc. 62, ex. 1). In 1995, plaintiff refinanced the loan by obtaining a new mortgage, evidenced by a Note and secured by a recorded Deed of Trust, from American Financial Resources, Inc. in the amount of $75,798.00 (doc. 62 ¶ 28, ex. 2). After the loan originated, various assignments occurred,

conveying the beneficial interest in the Deed of Trust to MVB Mortgage Corporation, then to Citizens Mortgage Corporation, then to Bank United, then to Washington Mutual when it acquired Bank United, and finally to Wells Fargo. See docs. 62, exs. 2-5, 69, exs. E-H. All assignments were recorded in the Maricopa County Recorder's Office. Id.

Plaintiff later defaulted on his mortgage payments. Michael A. Bosco was substituted as Trustee on June 3, 2010 (doc. 62, ex. 8.) and a Notice of Sale was recorded the same day (doc. 62, ex. 9). Defendants scheduled a trustee sale for September 2, 2010, however they voluntarily continued it after plaintiff filed this action on August 25, 2010 in the Superior Court of Arizona in Maricopa County (doc. 1). Plaintiff's initial complaint sought an injunction against the Trustee's sale, a declaration that defendants' lacked the right to foreclose, and alleged violations of various federal statutes (doc. 1, ex. 1).

The Wells Fargo defendants responded on September 1, 2010 by removing the action to this court on the basis of federal question jurisdiction (doc. 1). Plaintiff moved for a temporary restraining order and an order remanding the action back to state court, both of which we denied (docs. 25, 43). Plaintiff then proceeded to amend his complaint twice, ultimately resulting in an operative Second Amended Complaint ("SAC"). The SAC abandoned all federal claims, and instead asserts one cause of action for declaratory relief. (doc. 62). Despite the fact that plaintiff abandoned all federal claims in the SAC, we continue to maintain subject matter jurisdiction because federal question jurisdiction existed at the time of removal. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).[1]

---

[1] Recently, plaintiff filed a "Pleading in Support of Plaintiff's Motion to Remand" (doc. 78), to which the Wells Fargo defendants oppose (doc. 89). This memorandum appears to relate back to plaintiff's original motion to remand, (doc. 11) which we denied on October 18, 2010 (doc. 43). We did not authorize the filing of any additional briefs on that issue nor did plaintiff file a timely motion for reconsideration of that order as permitted by LRCiv. 7.2(g). Therefore we construe this motion as a second motion to remand. The motion, however, is untimely because it raises procedural objections to removal outside the 30-day

1    Plaintiff's SAC, filed against five financial institutions, five presidents/CEOs of those
2 institutions, and the Trustee, purports to allege a single count for "Declaratory Relief,"
3 although this claim is not related to any specific cause of action.  Plaintiff broadly challenges
4 the validity of his home loan, arguing that the Deed of Trust, Assignments of Deed of Trust,
5 and Substitution of Trustee are invalid, that the foreclosure papers were "fraudulently"
6 notarized, and that defendants have no right to institute non-judicial foreclosure.

7    Plaintiff alleges that there is a "missing Assignment of Deed of Trust assigning
8 beneficial rights from Bank United to Wells Fargo, therefore compromising the chain of
9 beneficiaries" and depriving Wells Fargo of standing to foreclose.  SAC ¶ 53, 54.  Plaintiff
10 further points to a discrepancy in dates between the time Wells Fargo appointed Mr. Bosco
11 as Trustee and the time Wells Fargo recorded its beneficial interest.  SAC ¶¶ 60, 80, 81.
12 Plaintiff asserts that this renders the Notice of Sale invalid.  Id.  Plaintiff advances a slew of
13 bald, conclusory allegations of fraud and contends that he never received the sum of
14 $75,978.00 from American Financial Resources and therefore no institution has the ability to
15 foreclose on his home.  Finally, plaintiff argues that the Deed of Trust is unenforceable
16 because it was separated from the related promissory note during the series of assignments,
17 and therefore "pursuant to Carpenter v. Longan, the dormant Deed of Trust is invalid without
18 the Promissory Note."  SAC ¶ 103.  Plaintiff's claims are based in large part on the opinions
19 of purported "experts" Charles J. Horner and William McCaffrey who have been involved in
20 a series of similar cases in this court.

21    All defendants now move to dismiss the SAC under Rules 12(b)(6), 12(b)(1), and 9(b),
22 Fed. R. Civ. P.  To survive a motion to dismiss "a complaint must contain sufficient factual

---

24 window provided by 29 U.S.C. § 1447(c).  In addition, plaintiff's allegations regarding the
failure of certain defendants to consent to removal fail as a matter of law.  Defendants who
25 are unserved at the time of removal are not required to consent to removal.  Emrich v.
26 Touche Ross & Co., 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988).  According to plaintiff's own
account, defendants John Kanas, Bank United, and Michael A. Bosco were not served until
27 after the notice of removal was filed.  See doc. 30 at 2.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, a dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

Rather than responding to arguments raised in defendants' motions to dismiss, plaintiff filed duplicate responses simply re-alleging that defendants are not the "Real Party in Interest, the Lender as defined by the Deed, nor the Holder in Due Course of the Note." Response at 2. Plaintiff relies primarily on an "expert witness" report finding that the real party in interest "may be a Ginnie Mae REMIC Trust 1995-2, but it is certainly not these named Defendants of which the Plaintiff's loan was securitized." Id. Attached to the report is a deposition of John Kennerty, taken in the context of an entirely unrelated, out-of-state proceeding. Although John Kennerty was the bank official who executed the recorded assignment of plaintiff's Deed of Trust to Wells Fargo, his deposition contains absolutely no testimony concerning the foreclosure at issue in this case. It is irrelevant. Furthermore, although plaintiff referenced this report in the SAC (¶ 65), it did not exist at the time of filing of the SAC. Therefore, even if it was relevant, we may not consider it. See Silvas v. GMAC Mortg., LLC, CV-09-265-PHX-GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009), as amended (Jan. 5, 2010).

We first address plaintiff's allegation that "there is a broken chain of title to which none of the defendants by and through their corporations have any right and/or authority to hold the Trustee' sale." SAC ¶ 3. Plaintiff has sued every bank and corporate official connected with his loan. At this time, however, only Wells Fargo has a beneficial interest in the loan and has foreclosed on plaintiff's property. Defendants argue that to the extent plaintiff raises

- 4 -

1  claims arising out of the series of assignments which previously vested rights in Washington
2  Mutual, those claims are barred by the doctrine of *res judicata* because plaintiff has already
3  lost a lawsuit challenging the assignment history of his mortgage loan. See Nichols v.
4  Washington Mut. Mortg. Co., No. CV-04-0361-PHX-RCB (D. Ariz. Aug. 26, 2004) (doc. 69,
5  ex. N).  We agree.

6        *Res judicata* prevents the re-litigation of certain claims when a prior lawsuit "(1)
7  involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on
8  the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical
9  Sys., 430 F.3d 985, 989 (9th Cir. 2005).  In 2004, plaintiff filed a cause of action against
10 Washington Mutual alleging a "vapor money" theory (i.e., that plaintiff never actually
11 received any loan money), and a failure to verify or validate his mortgage loan, among other
12 things (doc. 69, ex. N at 3-6). Judge Broomfield dismissed the complaint with prejudice and
13 ruled that plaintiff had no cause of action to challenge the assignment history of the loan
14 vesting rights in Washington Mutual (doc. 69, ex. N at 15). Here, the elements of *res judicata*
15 are met because, first, plaintiff is advancing the same or similar claims.  The vapor money
16 theory is essentially the same as what is alleged in the SAC.  Plaintiff's assertions of a
17 purported "broken chain of title" arise out of the same transactional nucleus of facts as his
18 prior lawsuit.[2]  Because plaintiff could have asserted this claim in the prior case, it is now
19 barred. See United States ex rel. Bar v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998)
20 (stating that it is immaterial whether the "the claims asserted subsequent to the judgment were
21 actually pursued . . . rather, the relevant inquiry is whether they could have been brought").

22

---

23      [2] We note that whether the prior lawsuit involved the same claim also requires
24 consideration of (1) whether interests established in the prior judgment would be impaired,
   (2) whether substantially the same evidence is presented in the two actions, (3) whether
25 infringement of the same right is involved. United States v. Liquidators of European Fed.
26 Credit Bank, Nos. 09-10116, 09-10161, 09-10183, 2011 WL 9730, at *10 (9th Cir. Jan. 4,
   2011). These factors do not weigh against a finding of identity, and plaintiff does not argue
27 otherwise.

28

1  Second, Judge Broomfield's dismissal under Rule 12(b)(6), Fed. R. Civ. P. is a judgment on
2  the merits to which *res judicata* applies. Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir.
3  2002). Finally, privity between parties includes the relationship between assignors and
4  assignees, and therefore these defendant corporations are privies. Headwaters Inc. v. U.S.
5  Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005).

6  Next, we address plaintiff's claims relating to the most recent transfer of the loan to
7  Wells Fargo, as those claims would not be barred by *res judicata.* Under Arizona law, a
8  "power of sale is conferred upon the trustee of a trust deed under which the trust property may
9  be sold . . . after a breach or default in performance of the contract or contracts, for which the
10 trust property is conveyed as security." A.R.S. § 33-807(A). The Arizona statutes governing
11 the sale of foreclosed property through a trustee's sale do not require that the foreclosing party
12 produce a physical copy of the original promissory note. Plaintiff, and many other similar
13 plaintiffs, are attempting to advocate that principles of the Uniform Commercial Code apply
14 to non-judicial foreclosures. However, we can find no support for such an argument in the
15 Trustee statute or any Arizona state or federal case. Such requirements only apply to entities
16 that seek judicial foreclosure, not non-judicial foreclosure. In fact, Arizona district courts
17 consistently have rejected this "show me the note" legal theory. See, e.g., Diessner v. Mortg.
18 Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009). Given that plaintiff has
19 offered no contrary authority, and that plaintiff expressly consented to non-judicial
20 foreclosure in the Deed of Trust, we reject this argument. See doc. 69, ex. D §§ 25-26.

21 Plaintiff's allegations related to a "broken chain of title" to Wells Fargo derive
22 primarily from his assertion that the execution and recording of a mortgage assignment after
23 its effective date invalidates the assignment. See Ohlendorf v. Am. Home Mortg. Servicing,
24 No. S-09-2081-LKK-EFB at doc. 43 p. 24, (E.D. Cal. Mar. 31, 2010) (noting that the practice
25 of backdating assignments "may be improper" and inviting further briefing on the issue).
26 Specifically, plaintiff points out that the assignment of the Deed of Trust to Wells Fargo was
27 notarized and recorded on June 25, 2010, but bears an effective date of June 1, 2010. See doc.
28

1 69, ex. H.  Both the Notice of Trustee's Sale and Substitution of Trustee were executed and
2 recorded on June 3, 2010.  Id.  While we note that the practice of backdating seems suspect,
3 other courts have rejected claims for wrongful foreclosure on the basis of backdating, and
4 instead have utilized the effective date of assignment.  See Quintero Family Tr. v. OneWest
5 Bank, F.S.B., 2010 WL 392312, at * 7 & n.6 (S.D. Cal. 2001); Mitchell v. EMC Mortg. Corp.,
6 No. CV-09-1362-PHX-NVW, 2009 WL 3274407, at * 3, 5 (D. Ariz. Oct. 13, 2009).
7 Furthermore, plaintiff himself admits that as early as December 2006, he "was informed that
8 his Promissory Note with WaMu Chase was transferred to Wells Fargo." SAC ¶ 35.  Arizona
9 law does not require recordation for an assignment of foreclosure rights to become effective.
10 Recordation serves to put parties on notice.  Here, because plaintiff had knowledge of the
11 assignment well before the Notice of Sale was posted, he was not prejudiced by the later
12 recording.  Accordingly, we reject plaintiff's allegations that Wells Fargo lacks standing to
13 foreclose due to a broken chain of title.

14 We also reject plaintiff's argument that "fraud" exists if a notary dated and signed an
15 instrument after the date of signature.  Arizona law does not require a notary to actually
16 witness a signature.  A.R.S. § 33-503; City Consumer Servs. Inc. v. Metcalf, 161 Ariz. 1, 4-5,
17 775 P.2d 1065, 1068-69 (1989).

18 Plaintiff's claims against the individual defendants also must be dismissed because
19 there are no allegations of any personal participation or even knowledge of the banking
20 institutions' alleged wrongful conduct. Dawson v. Withycombe, 216 Ariz. 84, 101, 163 P.3d
21 1034, 1051 (Ct. App. 2007).  Corporate officers cannot be held personally liable for a
22 corporation's wrongful conduct solely by virtue of the office they hold.

23 Therefore, we conclude that plaintiff's claims challenging the series of assignments
24 until and including Washington Mutual are barred by the doctrine of *res judicata*.  We also
25 conclude that plaintiff has failed to state a claim upon which relief can be granted.
26 Accordingly, the second amended complaint is dismissed in its entirety.  And because it
27 cannot be saved by further amendment, the dismissal is with prejudice.  See Ventress v. Japan

28

Airlines, 603 F.3d 676, 680 (9th Cir. 2010). We note that defendants request an award of attorney's fees. They must do so in a separate motion. See LRCiv. 54.2.

Further, we dismiss this case as to all other defendants, regardless of whether they have been served or moved to dismiss, because each is in a position similar to that of the moving defendants and the legal result to all defendants would be the same. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 743 (9th Cir. 2008) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants"). Four of the named defendants, MVB Mortgage Corporation, Maryann Tomczyk, American Financial Resources, Inc., and Gary Huntoon, have not moved to dismiss or otherwise appeared. The record indicates that plaintiff served MVB Mortgage Corporation and Maryann Tomczyk on September 26 and September 1, 2010 respectively (doc. 30). The record also indicates that plaintiff served Gary Huntoon on December 5, 2010 (doc. 92), but never served American Financial Resources, Inc. Nevertheless, because we conclude that all claims raised in the complaint against all defendants fail to state a plausible claim, we dismiss the complaint as against the nonmoving defendants as well.

Accordingly, **IT IS ORDERED GRANTING** defendants' motion to dismiss (docs. 69, 70, 72, 85) and dismissing the complaint with prejudice as to all defendants, moving and nonmoving. Defendants Citizens Financial Groups, Inc. and Ellen Alemany's motion for summary disposition is therefore **MOOT** (doc. 93).

**IT IS FURTHER ORDERED** that defendants' previous motions to dismiss the original complaint and first amended complaint are **MOOT** (docs. 15, 16, 19, 20, 28, 29).

The clerk shall enter final judgment.

DATED this 3rd day of March, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 8 -