**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John-Raymond Nichols,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael A. Bosco, Jr., et. al.,<br><br>    Defendants. | No. CV 10-01872-PHX-FJM<br><br>**ORDER** |

The court has before it defendants Wells Fargo Bank and John G. Stumpf's (the Wells Fargo defendants) motion for award of attorneys' fees and non-taxable expenses (docs. 97, 99). Plaintiff did not respond.

Plaintiff filed this action against five financial institutions, five presidents/CEOs of those institutions, and the Trustee. In his second lawsuit related to his Deed of Trust, plaintiff broadly challenged the validity of his home loan, arguing that the Deed of Trust, Assignments of the Deed of Trust, and the Substitution of Trustee were invalid, that the foreclosure papers were "fraudulently" notarized, and that the defendants had no right to a non-judicial foreclosure. Plaintiff asserted many of these same claims against defendants, not including Wells Fargo, in Nichols v. Washington Mut. Mortg. Co., No. CV-04-0361-PHX-RCB (D. Ariz. Aug. 26, 2004) (doc. 69, ex. N). We found the claims against those defendants barred by the doctrine of *res judicata*. We granted the Wells Fargo defendants' motion to dismiss the remaining claims because there was no factual or legal basis underlying plaintiff's claims that Wells Fargo acted fraudulently or lacked standing to foreclose because

of a broken chain of title (doc. 94).

The Wells Fargo defendants now move for an award of attorneys' fees and costs, arguing that they are entitled to fees as the prevailing parties in an action arising out of a contract (docs. 97, 99). See A.R.S. § 12-341.01. Plaintiff did not respond to the motion.

A court has wide discretion is deciding whether to award fees under § 12-341.01. The award of fees "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." § 12-341.01(B). "It need not equal or relate to the attorney fees actually paid or contracted." Id. In deciding whether to award fees under § 12-341.01, we consider factors such as (1) whether the unsuccessful party's claim was meritorious; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; and (5) whether the award would discourage other parties with tenable claims from litigating them. Associated Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

After considering each of the Warner factors, we conclude that an award of fees in this case is appropriate. Plaintiff's claims were wholly without merit. We noted in our order that "[p]laintiff advances a slew of bald, conclusory allegations of fraud" and that he provided no support for his "show me the note" legal theory, which has been consistently rejected by the courts (doc. 94 at 3). Moreover, plaintiff already instituted a lawsuit to avoid his mortgage obligations. In 2005 Judge Broomfield dismissed all claims and assessed fees against plaintiff. Plaintiff was well aware that this type of lawsuit carried a risk of attorneys' fees. Because of the baseless nature of the claims, settlement was unlikely. The Wells Fargo defendants prevailed on every claim and an award of fees would not discourage other parties from filing meritorious actions. Because plaintiff did not respond to the motion for fees, the court is uninformed as to whether an award of fees would cause a hardship. Nevertheless, given that plaintiff defaulted on his mortgage loan, it is reasonable to presume that a hardship is likely. This factor alone weighs in plaintiff's favor.

The Wells Fargo defendants request $34,874.50 in this relatively simple matter that

was resolved on a motion to dismiss. The request is supported by affidavits and billing statements specifying hours worked, tasks performed, and rates charged (doc. 99, ex. B, C), as required under Rule 54(d)(2), Fed. R. Civ. P. and LRCiv. 54.2. We must determine whether the requested fees are reasonable. See Lafarge ConseilsEtEtudes, S.A. v. Kaiser Cement & Cypsum Corp., 791 F.2d 1334, 1341-1342 (9th Cir. 1986) (outlining factors).

The Wells Fargo defendants employed two attorneys, with hourly rates of $400 and $200, and a paralegal with an hourly rate of $200. They expended more than 128 hours defending against what they themselves viewed as a frivolous complaint. We find that the total time billed on this case is excessive. The primary, most meaningful defense of this action was preparation of a Rule 12(b)(6), Fed. R. Civ. P. motion to dismiss. Although the Wells Fargo defendants had to file two motions to dismiss after plaintiff amended his complaint twice, the motions to dismiss were substantially similar. The Wells Fargo defendants also had to respond to plaintiff's other frivolous, almost nonsensical filings. We find the hours spent, however, disproportionately large to what was needed. For example, approximately twelve hours were spent responding to a second motion to remand, which the court dismissed as procedurally improper. We think sixty five hours at $250.00 per hour would be sufficient to get a frivolous complaint dismissed and respond to other baseless filings. We then discount that by plaintiff's presumed hardship to yield $12,000. Finally, while costs cannot generally be included in an attorneys fee award, the prevailing party is "entitled to recoup the costs of computerized legal research." In re MCW Brickyard Comm. LLC., No. CV 04-2024 PHX-SRB, 2005 WL 3307351, at * 3 (D. Ariz. Dec. 6, 2005) (internal citations omitted). Defendants are entitled to recover the costs of their computerized legal research, in the amount of $565.00.

**IT IS THEREFORE ORDERED GRANTING** defendants' motion for attorneys' fees in the amount of $12,565.00 (docs. 97, 99).

DATED this 7th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge